FILED & JUDGMENT ENTERED
David E. Weich

Sep 27 2010

Clerk, U.S. Bankruptcy Court
Western District of North Carolina



_____
George R. Hodges
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### SHELBY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No.: 10-40090 |
| **WILLIAM JOSEPH GOLD,** ) | Chapter 13 |
| **PATSY MODE GOLD,** ) | |
| ) | |
| *Debtor(s).* ) | |

## ORDER GRANTING MOTION FOR RELIEF FROM STAY

THIS CAUSE, coming before the Court September 24, 2010 upon the Motion of Carolina Trust Bank (the "Movant") pursuant to 11 U.S.C. § 362(d) and (e), and Fed. R. Bank. Proc. Rules 4001 and 9014, for an Order terminating, annulling, or modifying the stay imposed by 11 U.S.C. § 362(a) to the extent necessary to allow it to foreclose its security interest in certain real property

1. The Debtor filed for relief under Chapter 13 of the U.S. Bankruptcy Code on February 15, 2010, and Steven G. Tate has been duly appointed as the Debtor's Chapter 13 Trustee.

2. On or about August 28, 2008, the Debtors executed and delivered unto the Movant, in exchange for money loaned in the sum of $600,000.00, that certain Promissory Note (the "Note") and that certain Business Loan Agreement (the "Loan Agreement"), copies of which are attached the Motion as Exhibits "A" and "B", respectively.

3. Pursuant to the terms of the Loan Agreement and Note, the Debtors agreed to repay the amount advanced, together with interest thereon pursuant to the terms set forth therein.

4. In order to secure repayment of the amounts advanced by the Movant pursuant to the Note, Hickory Log Barbeque of Forest City, Inc. (the "Corporation"), an entity wholly owned by the Debtors executed and delivered unto the Movant a Commercial Guaranty (the "Guaranty") Agreement, a copy of which is attached to the Motion as Exhibit "C", guarantying payment unto the Movant of the sums advanced to the Debtors.

172299.1

5.  In addition thereto, the Debtors granted to the Movant a security interest by Deed of Trust in a parcel of real property located at 1163 W. Main Street, Forest City, Rutherford County, North Carolina, a copy of said Deed of Trust being attached to the Motion as Exhibit "D".

6.  The lien the Movant has against the real property located at 1163 W. Main Street, Forest City, Rutherford County, North Carolina was duly perfected by recording said Deed of Trust in the office of the Register of Deeds for Rutherford County, North Carolina on August 28, 2008 in Book 1020 at Page 438.

7.  In the Debtors' Chapter 13 Plan, the Debtors provided for payment of the Movant's debt "[d]irect by [C]orporation".

8.  On or about May 30, 2010, Movant entered into a certain Modification of Secured Note agreement (the "Modification"), a copy of which is attached to the Motion as Exhibit "E", pursuant to the terms of which the Debtors were to make monthly payments commencing June 30, 2010 in the amount of $4,525.00.

9.  Neither the Debtors nor Corporation have made any post-petition payments on the Note as modified by the Modification. The Debtors and the Corporation are now due for June, July, and August, 2010 in the total sum of $13,575.00.

10. The payoff of the debt described in the Note, as of September 10, 2010 is $576,449.94 ($571,006.22 principal, plus $1,070.63 accrued interest, and plus $4,373.09 late charges) with interest accruing at a rate of $114.99 per day.

11. Based upon the Debtors' Schedules and the Rutherford County Tax valuation, the approximate value of the 1163 W. Main Street, Forest City, Rutherford County, North Carolina property is $384,400.00. The Debtors have no equity in the property.

12. The Debtors are presently in arrears in their Chapter 13 payments to the Trustee for five (5) of seven (7) payments due post-petition and the Trustee has noticed the case for hearing on dismissal.

13. Movant should be granted relief from stay pursuant to Section 362(d) of the Bankruptcy Code upon the grounds that:

    a.  Movant's interest in the property is not adequately protected; and

    b.  The Debtors do not have any equity in the property and such property is not necessary to an effective reorganization.

NOW, THEREFORE, it is hereby ORDERED, DECREED and ADJUDGED as follows:

1. That the stay imposed by 11 U.S.C. § 362(a) is terminated, annulled and modified to permit Carolina Trust Bank to foreclose its security interest in the certain real property described above, that said relief is immediate, and the 10 day waiting period of Fed. R. Bankr. Proc. Rule 4001(a)(3) does not apply;

172299.1

2.	That the hearing of the Motion conducted September 24, 2010 be the final hearing under 11 U.S.C. § 362(c) and any preliminary hearing is consolidated herein.

3.	Carolina Trust Bank is allowed a period of 180 days within which to file a proof of claim for any deficiency arising hereunder.

*This Order has been signed electronically*				*United States Bankruptcy Court*
*The judge's signature and court's seal*
*appear at the top of the Order.*

172299.1